UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEKUBIAN A. BARROW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICE STIRLING, ET AL.,<br><br>　　　　　Defendants. | Case No. CV 15-8803-DDP (KK)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On November 2, 2015, plaintiff Raekubian A. Barrow ("Plaintiff"), an inmate at Atascadero State Hospital, proceeding pro se and in forma pauperis, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] ECF Docket No. ("dkt.") 1, Complaint. Plaintiff alleges his "left baby

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff

1

finger" was broken because he was playing goalkeeper in a soccer game on January 16, 2015 and was not given goalkeeper gloves. Compl. at 1. Plaintiff alleges he "was taken to X-Ray" and a doctor performed surgery on his finger, but he still has problems with the finger and "loss of use to full use of that finger for the rest of [his] life." Id. Plaintiff sues the following defendants: (1) Stirling Price, Executive Director of Atascadero State Hospital, in his official capacity; (2) Douglas Simmons, the recreational trainer, in his official capacity; and (3) William F. Sima, M.D., who performed the surgery on Plaintiff's finger, in both his individual and official capacities (collectively "Defendants"). Compl. at 3. Plaintiff seeks relief for "the negligence that took place at Atascadero State Hospital under the color of state law and violation of constitutional rights under . . . [the] due process clause of the Fourteenth Amendment to the Constitution and violation of the Eighth Amendment." Compl. at 6.

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds the Complaint subject to dismissal for various deficiencies. However, dismissal will be with leave to amend.

## II.
## **LEGAL STANDARD**

As Plaintiff is proceeding in forma pauperis, the court must screen the Complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see also Lopez v. Smith, 203 F.3d 1122, 1126-27

---

signed and dated the Complaint on November 2, 2015. See ECF Docket No. 1 at 6. Thus, the Court deems November 2, 2015 the filing date.

(9th Cir. 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable

3

the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Blantz v. Cal. Dep't of Corrections and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal quotation marks omitted) (noting a plaintiff's factual allegations must "nudge[]" any legal claims "across the line from conceivable to plausible").

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). The Court has "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If, however, a court finds that a pro se complaint fails to state a claim, the Court may dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). A district court's denial of leave to amend is "particularly broad" where a plaintiff fails to cure the deficiencies identified by the court despite being granted multiple opportunities to do so. See Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks and citation omitted).

///
///
///
///

## III.

## DISCUSSION

### A. The Complaint Fails To Comply With The Pleading Requirements Of Rule 8 Of The Federal Rules Of Civil Procedure

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

In the instant case, it is difficult for the Court to determine the exact nature of Plaintiff's claims. Here, Plaintiff does not specify what actions were allegedly committed by which actors in order to produce a constitutional harm. Plaintiff explains he sustained an injury to his finger during a soccer game that required surgery and that he was not provided with goalkeeper gloves. Compl. at 3. However, it is unclear whether the alleged constitutional harm was the denial of protective gear or something that occurred during, or as a result of, the surgery. It is unclear to the Court what action or inaction Plaintiff contends violated his constitutional rights and who violated those rights.

As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims. Hence, the Complaint does not give Defendants adequate notice of the legal claims being asserted against them. See McHenry, 84 F.3d at 1176. Unclear pleadings such as the Complaint, that

"leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal. Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint must be dismissed. See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the Complaint, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice."). Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

**B.   The Complaint Fails To State A Claim Against Any Defendant In His Official Capacity**

   **1.   Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no

respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, he must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2. Analysis

Here, Plaintiff sues each defendant in his official capacity, but fails to identify any official policy or longstanding custom as the cause of any constitutional deprivation. Thus, having failed to identify a custom or policy, Plaintiff's official capacity claim against defendants Stirling, Simmons, and Sima must be dismissed.

## C. The Complaint Fails To State A Claim Against Defendant Sima In His Individual Capacity

To the extent Plaintiff can be construed as alleging an Eighth Amendment claim against defendant Sima in his individual capacity, the Complaint does not contain factual allegations sufficient to state such a claim.

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when she acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct.

2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Deliberate indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996), cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Hence, negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff does not appear to fault Dr. Sima for the injury to his finger, but rather the failure of Atascadero State Hospital to provide him with goalkeeper gloves. Plaintiff does not allege Dr. Sima had any personal involvement in failing to provide those gloves. Plaintiff does not allege any wrongdoing by Dr. Sima. Accordingly, the Complaint fails to state a claim against Dr. Sima in his individual capacity.

Moreover, Plaintiff seeks relief for "negligence." See Compl. at 6. This is not sufficient to establish an Eighth Amendment violation. As with any Eighth Amendment violation, Plaintiff must prove the "unnecessary and wanton infliction

of pain." Whitley v. Albers, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause [of the Eighth Amendment]." Id. Accordingly, Plaintiff's Eighth Amendment claims appear to be fatally flawed.

## IV.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment,

or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may request a voluntary dismissal of his official capacity and due process claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). If Plaintiff chooses this option, this action will proceed on his retaliation claim only. **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First**

10

**Amended Complaint, or failure to correct the deficiencies described above, will result in this action being dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

DATED: December 17, 2015

*/s/ Kenly Kato*

HON. KENLY KIYA KATO
United States Magistrate Judge